UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELLE STALLWORTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH L. ROSENFELD,<br><br>　　　　　Defendant. | No.  2:15-cv-1696 KJN P<br><br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff is presently housed at the Coalinga State Hospital.  Plaintiff appears to be a civil detainee pursuant to California's Sexually Violent Predator Act ("SVPA"), codified at Sections 6600 et seq. of the California Welfare & Institutions Code.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

1

1 monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se

2 pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

3 Cir. 1990).

4     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured

5 by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

6 committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48

7 (1988).

8     Here, plaintiff states that he is subject to ongoing civil proceedings in the Sacramento

9 County Superior Court, Case No. 95F07940.[1]  Plaintiff confirms that he is not attacking his

10 underlying conviction; rather, plaintiff contends that his lawyer, defendant Rosenfeld, appointed

11 to represent plaintiff in the pending SVPA proceedings, is allegedly providing ineffective

12 assistance of counsel, depriving plaintiff of his due process rights. Plaintiff also appears to raise

13 state law claims of legal malpractice, emotional distress, and false imprisonment.

14     With limited exceptions, a federal district court should not interfere with ongoing state

15 proceedings. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). Abstention is required if the

16 proceedings are ongoing, implicate important state interests, and afford an adequate opportunity

17 to raise federal questions. Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457

18 U.S. 423, 432 (1982). Younger applies to civil proceedings under the SVPA. See Quackenbush

19 v. Allstate Ins. Co., 517 U.S. 706, 718 (1996) ("the authority of a federal court to abstain from

20 exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny

21 relief"); see also Hill v. Colorado, 530 U.S. 703, 715 (2000) ("It is a traditional exercise of the

22 States' police power to protect the health and safety of their citizens.") (citation and quotation

23 marks omitted); Middlesex, 457 U.S. at 432 ("[t]he importance of the state interest may be

24 demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings

25 ////

---

[1] The Sacramento County Superior Court's electronic docket reflects that on May 29, 2015, plaintiff's trial was reset to September 30, 2015. Public Case Access, Sacramento County Superior Court, https://services.saccourt.ca.gov/publiccaseaccess/home (last visited Aug. 19, 2015).

criminal in nature"); Miller v. Cate, 2011 WL 4457666, *4 (E.D. Cal.2011) (applying Younger abstention to an ongoing SVP proceeding and collecting cases).

Here, all of the prerequisites to Younger abstention have been met. Plaintiff is presently subject to ongoing state court proceedings pursuant to the SVPA. The state court proceedings implicate important state interests because they concern the health and safety of the state's citizens. See, e.g., Hill v. Colorado, 530 U.S. 703, 715 (2000) ("It is a traditional exercise of the States' 'police power to protect the health and safety of their citizens,'" quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 475 (1996)); see also Dept. of Revenue of Ky. v. Davis, 553 U.S. 328, 340 (2008) (noting that state and local governments are vested with the responsibility of protecting the health, safety, and welfare of their citizens). Finally, the issues plaintiff raises in the instant complaint may be raised in the ongoing state proceedings.[2] A person committed under the SVPA with a pending petition to extend the commitment may file a motion to dismiss on the grounds of excessive delay. See People v. Litmon, 162 Cal. App. 4th 383, 76 Cal. Rptr. 3d 122 (2008). If plaintiff wishes to discharge his current counsel, he may file a Marsden motion. People v. Marsden, 2 Cal. 3d 118, 84 Cal. Rptr. 156 (1970).

Thus, all of the elements of Younger are met, and this action must be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to assign a district judge to this case; and

////

---

[2] Although plaintiff mentions that he "retains a due process right to a speedy trial," he does so in the context of challenging the competence of his lawyer. Plaintiff does not allege a violation of his Sixth Amendment right to a speedy trial. Nevertheless, no Supreme Court authority establishes the right to a speedy trial in civil commitment proceedings. See Allen v. Illinois, 478 U.S. 364, 371-72 (1986) (full panoply of rights afforded criminal defendants under Constitution are not applicable to civil commitment proceedings); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999) (noting because commitment hearing is civil matter, constitutional rights to which defendant in criminal trial is entitled do not adhere to commitment hearing); United States v. Perry, 788 F.2d 100, 118 (3d Cir. 1986) ("The speedy trial clause deals with the timeliness of criminal prosecutions, not civil commitment proceedings.").

1    IT IS RECOMMENDED that this action be dismissed without prejudice. <u>Younger v. Harris</u>, 401 U.S. 37, 44-45 (1971).

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 20, 2015

stal1696.56

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE