UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELLE STALLWORTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH L. ROSENFELD,<br><br>　　　　　Defendant. | No. 2:15-cv-1696 MCE KJN P<br><br><br>ORDER |

Plaintiff is presently housed at the Coalinga State Hospital. Plaintiff is a civil detainee pursuant to California's Sexually Violent Predator Act ("SVPA"), codified at Sections 6600 et seq. of the California Welfare & Institutions Code. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On August 21, 2015, the undersigned filed findings and recommendations herein that were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. On August 21, 2015, plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On September 3, 2015, plaintiff filed objections to the findings and recommendations.

////

////

In light of plaintiff's consent to the jurisdiction of the undersigned, the Clerk of the Court is directed to vacate the assignment of this case to a district judge, and the findings and recommendations are vacated.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing and quoting West). Further, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989).

In his complaint, plaintiff states that he is subject to ongoing civil proceedings in the Sacramento County Superior Court, Case No. 95F07940.[1] Plaintiff confirms that he is not attacking his underlying conviction or the SVPA proceedings; rather, plaintiff contends that his lawyer, defendant Rosenfeld, appointed to represent plaintiff in the pending SVPA proceedings, is allegedly providing ineffective assistance of counsel, depriving plaintiff of his due process rights. Plaintiff also appears to raise state law claims of legal malpractice, emotional distress, and false imprisonment. Plaintiff alleges that defendant Rosenfeld is acting under color of state law, citing Polk County v. Dodson, 454 U.S. 312 (1981). (ECF No. 1 at 8.)

---

[1] The Sacramento County Superior Court's electronic docket reflects that on May 29, 2015, plaintiff's trial was reset to September 30, 2015. Public Case Access, Sacramento County Superior Court, https://services.saccourt.ca.gov/publiccaseaccess/home (last visited Sept. 18, 2015).

A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County, 454 U.S. at 318-19.  It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County.  Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir.) (en banc), cert. denied, Clark County, Nev. v. Miranda, 540 U.S. 814 (2003).

Here, defendant Rosenfeld was and is performing his function as plaintiff's court-appointed counsel representing plaintiff during the SVPA proceedings.  Although the SVPA process is a civil action, this does not change the function of defendant's role as an advocate for plaintiff.  The SVPA proceeding is an adversarial process where the district attorney pursues a civil commitment, and plaintiff is entitled to a jury trial and to the appointment of counsel in such proceedings.  Cal. Welf. & Inst. Code § 6603(a)-(b).

While plaintiff is correct that public defenders are held to the same standards as private attorneys (ECF No. 1 at 8), the question of state action turns on the function performed, not the standards by which the action is judged.  Indeed, in Polk County, the Supreme Court held that "Shepard did not act under color of state law in exercising her independent professional judgment in a criminal proceeding," because she was performing traditional functions as counsel for a criminal defendant   Polk County, 454 U.S. at 322 n.13, 324 n.17, 325; Miranda, 319 F.3d at 468.  Because defendant Rosenfeld is acting on behalf of plaintiff during the commitment proceedings, defendant was not acting under color of state law.  Any review of the sufficiency of the actions by defendant Rosenfeld is either in a petition for writ of habeas corpus following resolution of the SVPA proceedings, or under state law.  Thus, this action is dismissed for lack of jurisdiction.  Polk County, 454 U.S. at 325.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to vacate the assignment of this case to a district judge;

3

   2. The findings and recommendations (ECF No. 4) are vacated; and

   3. This action is dismissed for lack of jurisdiction.

Dated:  September 21, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stall1696.dsm